UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY RAY BUTLER,<br><br>    Petitioner,<br><br>v.<br><br>TERESER A. BANKS,<br><br>    Respondent. | Case No. CV 11-05487-GAF (SP)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## INTRODUCTION

On July 1, 2011, petitioner Johnny Ray Butler, a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his criminal conviction and sentence in the United States District Court for the District of Nebraska. Petitioner is currently incarcerated at the Federal Correctional Institution II at Victorville, California. Pet. at 1, 2.[1] In the Petition, petitioner contends that he is actually innocent of his conviction for engaging

---

[1] For ease of reference, the Court refers to the pages of the Petition by their sequential numbers, i.e., pages 1-18.

in a continuing criminal enterprise ("CCE"), and that the jury instructions were deficient in light of *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999). *See* Pet. at 8-10.

This is petitioner's third attempt to challenge his conviction by way of § 2241 petition to this Court. As with his previous two petitions, the Court finds the instant Petition must be dismissed because petitioner has failed to demonstrate that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention.

## II.

## PRIOR PROCEEDINGS

Following a jury trial in the United States District Court for the District of Nebraska, petitioner was found guilty of: (1) money laundering involving drug proceeds (18 U.S.C. § 1956(a)(1)); (2) knowingly engaging in a continuing criminal enterprise (21 U.S.C. § 848); and (3) conspiracy to distribute cocaine base (21 U.S.C. §§ 841(a)(1), 846). *See* Pet. at 2; *United States v. Johnson*, 28 F.3d 1487, 1492 (8th Cir. 1994). Because the conspiracy to distribute count is a lesser included offense to the CCE count, the trial court vacated the jury's verdict on the conspiracy to distribute count. *See Johnson*, 28 F.3d at 1492 n.3. The trial court sentenced petitioner to life in prison. *Id.* at 1492. Petitioner appealed, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction on July 11, 1994. *Id.* at 1492, 1501.

On April 4, 1997, petitioner filed a 28 U.S.C. § 2255 motion in the United States District Court for the District of Nebraska in case number CV 97-169, which was denied on January 21, 1998. *See* Pet. at 3, 8; Motion, *United States v. Butler*, No. 8:92-cr-00014-LES-1 (D. Neb. Apr. 4, 1997), ECF No. 866; Order, *United States v. Butler*, No. 8:92-cr-00014-LES-1 (D. Neb. Jan. 21, 1998), ECF No. 894. On appeal of that denial, petitioner challenged his CCE conviction arguing: (1) he is actually innocent as there was insufficient evidence to support the CCE conviction; (2) that *Richardson* – decided after his § 2255 motion – should apply retroactively to his case;

(3) the jury instructions on CCE were inappropriate in light of *Richardson*; and (4) that his attorney was ineffective for failing to make various arguments with respect to the jury instructions. *See* Pet. at 3, 8; *United States v. Scott*, 218 F.3d 835, 837 (8th Cir. 2000). On July 7, 2000, the Eighth Circuit affirmed the Nebraska District Court's judgment. *Scott*, 218 F.3d at 840. On May 14, 2001, petitioner filed a petition for authorization to file a second or successive § 2255 motion, which was denied by the Eighth Circuit on July 9, 2001. *See* Pet. at 4; Mandate/Judgment, *United States v. Butler*, No. 8:92-cr-00014-LES-1 (D. Neb. July 9, 2001), ECF No. 934.

On August 5, 2003, petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court in case number CV 03-5578-GAF (CT). In the petition, petitioner argued that he is actually innocent of the CCE conviction, and that, in light of *Richardson*, the trial court violated his constitutional rights. *See* Pet. at 10. On August 13, 2003, judgment was entered dismissing the § 2241 petition because petitioner failed to demonstrate that § 2255 was an inadequate or ineffective remedy to test the legality of his detention. On October 6, 2003, this Court denied petitioner's request for a certificate of appealability. On December 23, 2003, the Ninth Circuit denied petitioner's request for a certificate of appealability.

Petitioner filed a second request to file a successive § 2255 motion in the Nebraska District Court, which was denied by the Eighth Circuit on September 3, 2004. *See* Mandate/Judgment, *United States v. Butler*, No. 8:92-cr-00014-LES-1 (D. Neb. Sept. 3, 2004), ECF No. 983.

On August 1, 2005, petitioner filed a second § 2241 petition in this Court in case number CV 05-5558-GAF (CT), raising the same claims as in the August 5, 2003 § 2241 petition. On August 8, 2005, judgment was entered dismissing the petition because petitioner again had not demonstrated that § 2255 was an inadequate or ineffective remedy to test the legality of his detention.

On July 1, 2011, petitioner filed the instant Petition in a third attempt to obtain relief from this Court based upon his asserted actual innocence and *Richardson*.

# III.
# PETITIONER'S CONTENTIONS

Petitioner asserts the following grounds for habeas relief:

(1) petitioner is actually innocent as there was insufficient evidence to support his CCE conviction;

(2) *Richardson* – decided after his § 2255 petition – should apply retroactively to his case; and

(3) the jury instructions on CCE were inappropriate in light of *Richardson*. *See* Pet. at 8-10.

# IV.
# DISCUSSION

Petitioner seeks to challenge his conviction and sentence pursuant to a § 2241 habeas petition. Petitioner contends he is entitled to relief under § 2241 because he is actually innocent and because *Richardson* was not in existence when he filed his initial § 2255 motion. *See* Pet. at 8-10. In *Richardson*, the United States Supreme Court held that a jury in a CCE case must unanimously agree not only that the defendant committed some continuing series of violations, but also must unanimously agree which specific violations make up that continuing series. *Richardson*, 526 U.S. at 815, 824. Petitioner asserts that the jury instructions given at trial did not include instructions requiring jury unanimity with respect to each individual violation comprising the series of violations. *See* Pet. at 10, 14. Further, petitioner argues that he is actually innocent of the CCE conviction because no drugs were found at the house in question, making the evidence against him insufficient. *Id.* at 8, 10. Petitioner's "actual innocence" and *Richardson* claims fail to meet the criteria to qualify for the savings clause provision of § 2255(e).

    A.    <u>Section 2255 Generally Provides the Exclusive Remedy for Federal Prisoners to Collaterally Attack Their Convictions</u>

Section 2255 allows a federal prisoner claiming that his sentence was imposed

"in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). A prisoner may not bring a second or successive § 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

However, there is an exception – a "savings clause" or "escape hatch" – to this general rule. *Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n.2; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The exception under § 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentson*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make § 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). A petition meets the "escape hatch" criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

      B.      <u>Petitioner Does Not Qualify for § 2255's Savings Clause</u>

To demonstrate that he never had an "unobstructed procedural shot," a petitioner must show that he never had an opportunity to raise the claim of actual innocence on appeal or in a § 2255 motion. *See Harrison*, 519 F.3d at 960. In making this determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted). Petitioner's assertion of insufficient evidence is plainly not based on any new evidence or law. *See* Pet. at 3, 5-6, 8. Petitioner's *Richardson* claim is, as it did not arise until two years after he filed his initial § 2255 petition. *Id.* at 2, 3, 8. Accordingly, petitioner arguably has not had an opportunity to present his *Richardson* claim in a § 2255 motion. But petitioner's *Richardson* claim does nothing to establish his actual innocence.

To establish actual innocence for the purposes of § 2255's savings clause, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 2011 WL 2463509, at *4 (9th Cir. June 20, 2011) (citation omitted).

The Ninth Circuit has concluded that a "*Richardson* claim is not, by itself, a claim of actual innocence." *Stevens*, 464 F.3d at 899. Moreover, "*Richardson* does not render defendants who were convicted of conducting a [continuing criminal enterprise] not guilty, or actually innocent, merely because the trial court gave instructions that did not comply with the rule announced therein." *Id.* (internal quotation marks and citation omitted). Other courts to consider this issue have also held that a petitioner may not raise a *Richardson* claim in a § 2241 petition based upon

6

§ 2255's savings clause. *See Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (per curiam) (The Fifth Circuit held that while the lack of a jury instruction in accordance with *Richardson* may have been error in the petitioner's trial, it was "not the sort of defect that can support a claim under the savings clause of § 2255."); *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (The Seventh Circuit held that a "*Richardson* claim is not the sort that will permit passage through the narrow opening of § 2255's savings clause."); *Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003) ("[A] *Richardson* claim is not the type of defect that opens the portal to a § 2241 proceeding.").

In this case, the evidence against petitioner was sufficiently strong. At trial, the government presented the following evidence:

> [Petitioner] and [Christopher] Scott set up a crack distribution ring in Omaha, Nebraska and recruited Ivory Mitchell and [Errol] Skeete to run a twenty-four-hour-per-day crack house. Further evidence indicated that [petitioner] and Scott provided Mitchell and Skeete with the cocaine, collected the proceeds from the sales, and monitored the sales. The crack house apparently serviced several hundred people each day. Mitchell, testifying for the government, claimed that [petitioner] and Scott employed an array of street dealers. According to Mitchell, the street dealers occasionally would receive their supply of crack from Skeete and Mitchell at the crack house and give the proceeds of their sales directly to Skeete and Mitchell for conveyance to [petitioner] and Scott.

*See* Pet. at 7; *Johnson*, 28 F.3d at 1492. Thus, the Court cannot conclude that, in light of all the evidence, it is more likely than not that no reasonable juror, properly instructed as to the elements of the crime, would have found petitioner guilty of CCE.

Accordingly, based upon the foregoing, petitioner's remedy under § 2255 was not "inadequate or ineffective" so as to permit the assertion of his *Richardson* claim in a § 2241 petition.

## V.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered dismissing the Petition without prejudice.

DATED: August 5, 2011

_____
HON. GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE